IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN LEROY KIRKEGARD, et. al.,<br><br>Defendant. | CV 15-84-H-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered findings and recommendations in this case on December 12, 2016, recommending that certain defendants and counts in Plaintiff Laurence Stewart's ("Stewart") complaint be dismissed for failing to state a claim upon which relief may be granted. Stewart filed an objection to the findings and recommendations, and so is entitled to a de novo review of those findings and recommendations to which he specifically objects.[1] 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas*

---

[1] The Court notes that Stewart's objection was untimely since it was filed on March 1, 2017, and the Court's Order dated January 25, 2017 (Doc. 19) indicated that Stewart was to file his objection by February 23, 2017. However, despite this one-week delay, given that Stewart is proceeding pro se, the Court will still consider his objections.

-1-

*Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

## BACKGROUND

Stewart is an inmate at the Montana State Prison. He filed a civil rights petition against the following Defendants: Leroy Kirkegard, Mike Batista, Loraine Wodnik, Paul Szczpasiak, Colleen Ambrose, Connie Wimer, Cathy Redfern, Myron Beeson, Associate Warden Wood, Cindy Hiner, Jami Eads, Sam Jovanovich, Sgt. Wohlman, Captain Wigert, Crystal Foster, Sgt. Postma, Unit Manager Kremer, Tom Tutty, Dr. Pirinian, Lt. Harmon, Kristy Cobban, Billie Reich, and John Does 1-12. Stewart alleged eight claims: Count I: denial of mental health care; Count II: denial of medical care for cutting wounds; Count III: handcuffs too tight–excessive force; Count IV: placement in isolation on suicide watch; Count V: deprived of property for one week; Count VI: retaliation–lost job; Count VII: access to policies, staff names, investigations; Count VIII: grievance restriction. (Doc. 11.)

Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

Stewart objected to Judge Johnston's finding on each count. Therefore, they will be addressed separately below.

## DISCUSSION

### I. Count I: Denial of Mental Health Care

Judge Johnston found that while Stewart contends he had a serious mental health condition at the outset of entering the prison system, Stewart did not present sufficient factual allegations to plausibly suggest that any named defendant was deliberately indifferent to those mental health needs. (Doc. 13 at 7–8.) When prison staff discovered Stewart was cutting himself with razors, he received adequate mental health treatment and was seen by a psychiatrist. *Id.* Thus, Judge Johnson determined that Stewart failed to show that any of the staff members purposefully fail to respond to his medical needs. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Stewart contends that under *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012), *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1461 (9th Cir. 1991), and *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1985), an unnecessary delay in prescribed medical treatment and the under-staffing of mental health providers to the point where staff can only spend "minutes per month" with a prisoner constitutes a deliberate indifference to medical care. Stewart argues that

after his cutting incident on January 22, 2015, MSP staff delayed Stewart's mental health treatment by providing only two wellness checks within four months. (Doc. 25-1 at 2.)

Upon review of the record, the Court finds no error with Judge Johnston's finding that no prison staffer was deliberately indifferent to Stewart's mental health care. Unlike in *Wilhem*, where the physician diagnosed the prisoner with a hernia and then failed to perform surgery for over a year, here Stewart received mental health treatment from a psychiatrist on February 23, 2015, a wellness check on March 4, 2015, a second psychiatrist meeting on May 15, 2015, and another wellness check on May 31, 2015. This level of care indicates that MSP staff did not ignore Stewart's mental health needs. Thus, Judge Johnston's finding that Stewart's claims for denial of mental health care under Count I is affirmed, and Count I is dismissed.

## II. Count II: Denial of Medical Care for Cutting Wounds

In Count II, Stewart claims that the doctors who treated him for his wrist wounds after he cut himself on January 22, 2015, did not properly care for him because they only glued his injuries back together and then the wounds later broke open and became painful. Judge Johnston recommended dismissal of this count because Stewart did not "show that the course of treatment the doctors chose was

medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow v. McDaniel*, 681 F.3d 978, 988 (9th Cir. 2012). Since the doctors immediately took Stewart to the infirmary and sealed his wounds, the decision to bind the wound with medical glue instead of stitches was medically acceptable and did not rise to the level of a constitutional violation.

Stewart claims that because his wounds were deep and damaged, it was medically unacceptable and intentional when the MSP physician and staff glued his wound back together instead of using stitches. Stewart cited to *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1995), and *Jett*, 439 F.3d at 1096, and acknowledged that in these circumstances a plaintiff must show a "serious medical need" and a "failure to treat a condition that could result in further significant injury or the unnecessary and wanton infliction of pain." Stewart argues that it is common sense in a prison environment that open wounds are susceptible to MRSA and other infectious diseases, and that MSP was lucky his wounds did not become infected or inflamed.

Regardless of Stewart's personal feelings about how MSP medical staff should have treated him, it is evident in the record that he was treated for his self-inflicted wounds on the day they occurred. Furthermore, Stewart missed medical

calls on January 27 and 28, 2015, on his on accord. The wounds were then scabbed over and did not require treatment the next time he went to see medical staff on February 10, 2015. Thus, Stewart cannot now claim that the decision to medically glue his wounds was an unacceptable course of treatment. Count II is dismissed.

## III.  Count III: Handcuffs Too Tight–Excessive Force

Stewart next argues that Judge Johnston incorrectly found that Count III should be dismissed against all "John Does" named as defendants. Stewart claims that he attempted to discover the names of the John Does (ISP Officers), but that when he asked a MSP supervisor for the names in a kite, he was not supplied any information.

Judge Johnston determined that it is appropriate at this time to dismiss the John Does from this case, but that Stewart may file a motion to amend his complaint and request service on these defendants if he later identifies them pursuant to Rule 15 of the Federal Rules of Civil Procedure. This Court agrees with Judge Johnston's finding and will dismiss the John Does at this time with leave to amend the complaint.

## IV.  Count IV: Placement in Isolation on Suicide Watch

As to Count IV, Judge Johnston found that when Stewart was placed in an

isolation cell on suicide watch from January 23, 2015, until January 25, 2015, the conditions of the cell did not violate Stewart's Eighth Amendment rights. Stewart contends that in *Tremblay v. Mahoney*, No. CV 09-15-H-DWM-RKS, 2009 WL 5173836, at *4 (D. Mont. Dec. 30, 2009), a Montana district court found an Eighth Amendment violation when an inmate was placed with open wounds in a dirty cell with feces and blood, and that this determination should control the outcome here. However, what Stewart fails to do is prove that the conditions of the isolation cell were so egregious to warrant a constitutional violation. As Judge Johnston explained, a prison cell does not need to be comfortable, but it does need to be humane and officials are to provide prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. *Farmer v. Brennan*, 5111 U.S. 825, 832 (1994). Further, "[t]o state a claim under the Eighth Amendment, the prisoner-plaintiff must show not only that prison officials were subjectively and actually indifferent to the plight he alleges, but also that the conditions themselves were objectively sufficiently serious to acquire constitutional dimension; that is, the conditions 'must result in the denial of the minimal civilized measure of life's necessities.'" *Tremblay*, at *4 (citing *Farmers*, 5111 U.S. at 834). Because Stewart has not presented any credible evidence regarding the conditions of the cell or a prison official's culpable state of mind,

Stewart has not satisfied each element in the *Farmer* test. Therefore, Count IV is dismissed.

## V. Count V: Deprived of Property for One Week

After his isolation and suicide watch, Stewart returned to general population on January 25, 2015, but it was not until February 2, 2015, when his personal items were returned to him. Stewart alleges that this restrained his liberty and that he is entitled to procedural due process. Judge Johnston found that the short term deprivation of Stewart's personal property did not amount to a significant hardship in the ordinary incidents of prison life; thus, Stewart was unable to state a due process claim. This Court agrees and finds that Stewart has not offered any additional facts to support a due process claim. Thus, Count V is dismissed.

## VI. Count VI: Retaliation–Lost Job

Stewart alleges that Lieutenant Jovanovich fired him from working laundry services in retaliation for submitting grievances, and that Defendants Kirkegard, Wodnik, Batista, Beeson, Szcpaniak, and Cobban were supervisors and were aware of this retaliation and did nothing to investigate Stewart's grievances. Judge Johnston found that Stewart failed to state sufficient facts to bring a supervisory claim against these defendants. In his objection, Stewart claims that Judge Johnston applied the wrong standard regarding this claim. Stewart argues

that the correct standard is set forth in *Lanham v. Kirkegard*, No. CV 15-9-H-DLC-JTJ, 2015 WL 1345534, at *7 (D. Mont. Mar. 23, 2015). However, the Ninth Circuit case relied on in *Lanham* was *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991). In Judge Johnston's findings, he applied a similar standard found in *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). Not only does *Rhodes* succeed *Lanham*, but the facts in *Rhodes* are more akin to the facts at issue here. Thus, Judge Johnston used the correct standard for a supervisory liability claim under § 1983. Judge Johnson also correctly found that Stewart failed to sufficiently state a claim for retaliation under this standard. Consequently, Count VI is dismissed, except as to Lieutenant Jovanovich, who is required to respond to this claim.

### VII. Count VII: Access to Policies, Staff Names, Investigations

Under Count VII, Steward alleges multiple violations of his Fourteenth Amendment due process rights and his substantive right to know because MSP did not adequately investigate his grievances. He also claims that he could not obtain information from MSP regarding staff names. Judge Johnston found that none of the issues claimed by Stewart demonstrate an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and Stewart's allegations were therefore insufficient to state a due process claim. *Sandin v.*

*Conner*, 515 U.S. 472, 484 (1995). Further, Judge Johnston found that even if the Defendants violated a prison policy, that by itself, is insufficient to support a claim under § 1983. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009).

Stewart objects to Judge Johnston's finding, but only rehashes his previous arguments addressed by Judge Johnston. Stewart argues generally that the MSP prison staff do not properly perform grievance investigations. (Doc. 25-1 at 6.) While Stewart disfavors the grievance system at MSP, he has not presented any evidence regarding a specific action or atypical hardship inflicted upon him. The broad statements by Stewart do not amount to a Fourteenth Amendment violation under § 1983. Count VII is dismissed.

**VIII. Count VIII: Grievance Restriction**

Finally, Stewart claims that the Defendants followed an illegal policy of placing Stewart on a grievance restriction. Stewart argues that Warden Kirkegard placed him on a grievance restriction in retaliation for simply filing grievances.

Johnston found, and this Court agrees, that while Stewart has a First Amendment right to petition the government through the prison grievance system, Stewart has failed to satisfy the jurisdictional requirement that he suffered an "actual injury." *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). Stewart's objection does not present any new facts to fulfill this standing obligation.

Furthermore, Stewart's claim that he was shipped out of MSP to Crossroads Correctional Center in retaliation for using the grievance system is speculative at best. He has not presented any circumstantial evidence that would suggest a retaliatory intent of any named defendant. Thus, Count VIII is also dismissed.

Accordingly, IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 13) are ADOPTED IN FULL.

1. Defendants Leroy Kirkegard, Mike Batista, Loraine Wodnik, Paul Szczpaniak, Colleen Ambrose, Connie Wimer, Cathy Redfern, Myron Beeson, Associate Warden Wood, Cindy Hiner, Jami Eads, Sgt. Wohlman, Captain Wigert, Crystal Foster, Sgt. Postma, Unit Manager Kremer, Tom Tutty, Dr. Pirinian, Lt. Harmon, Kristy Cobban, Billie Reich, Patrick Sheehan, Ronald McDonald, Lt. Foster, Leonard Mihelich, Thomas Wilson, John Does 1-7, and John Does 10-12 are DISMISSED WITH PREJUDICE.

2. Defendants John Doe 8 and John Doe 9 (the two IPS Officers who transferred Mr. Stewart from the infirmary to LHU-1 on January 23, 2015) and the allegations against these Defendants set forth in Count III are DISMISSED WITHOUT PREJUDICE.

3. All claims raised in Counts I, II, IV, V, VII, and VIII are DISMISSED WITH PREJUDICE.

4.  All claims raised in Count III against Defendants Kirkegard, Batista, Wodnik, Wood, Harmon, and Szcapaniak are DISMISSED WITH PREJUDICE.

5.  All claims raised in Count VI against Defendants Kirkegard, Wodnik, Batista, Beeson, Szczpaniak, and Cobban are DISMISSED WITH PREJUDICE.

DATED this 9th day of May, 2017.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court