FILED
SEP 21 2017
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LAURENCE STEWART, | CV 15-00084-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| WARDEN LEROY KIRKEGARD, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Laurence Stewart's Motion for Certificate of Appealability. (Doc. 62). The Court construes Mr. Stewart's motion as a request to certify issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[1] This statute provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the court of appeals. The certification requirements are: (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate

---

[1] Mr. Stewart presents his motion as a request for a certificate of appealability under Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54 allows a court to issue a judgment on one or more, but fewer than all claims or parties but it does not discuss the process of interlocutory appeal. A "certificate of appealability" is not applicable in this situation. It is a mechanism by which a petitioner may seek permission from the district court to appeal the denial of a habeas petition. *See* 28 U.S.C. § 2253(c).

1

termination of the litigation. "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Mr. Stewart has not shown that exceptional circumstances exist to certify an interlocutory appeal. He failed to show a controlling question of law, a substantial grounds for a difference of opinion, or that an immediate appeal would advance the ultimate termination of the litigation. Instead, he merely disagrees with the Court's decision. This is not sufficient reason to upset the normal course of a proceeding.

Accordingly, IT IS HEREBY ORDERED THAT Mr. Stewart's motion for certificate of appealability (Doc. 62) as construed as a request to certify the issues for interlocutory appeal is DENIED.

DATED this 21st day of September, 2017.

Dana L. Christensen, Chief Judge
United States District Court