IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LAURENCE STEWART, | CV 15-00084-H-DLC-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| SAM JOVANOVICH, | |
| Defendant.[1] | |

Pending before the Court are Plaintiff Laurence Stewart's Third Motion to Appoint Counsel (Doc. 37), Motion for Extension of Time to Complete Discovery (Doc. 39), Motion to Compel (Doc. 41), Fourth Motion to Appoint Counsel (Doc. 52), Motion to Strike (Doc. 54), Second Motion to Compel (Doc. 56), Motion for Extension of Time to File a Reply (Doc. 65), Motion for Sanctions (Doc. 67). In addition, Defendant has filed Motion for Protective Order (Doc. 45) and a Motion to Strike Reply or Alternatively to File a Sur-Reply (Doc. 72).

## I. Motions to Appoint Counsel (Docs 37, 52)

Mr. Stewart's prior motions for appointment of counsel have been denied.

---

[1]The case style has been amended to reflect the May 9, 2017 dismissal of all defendants except Defendant Jovanovich. (Doc. 33.)

1

(Docs. 3, 9.)  In his latest motions (Docs. 37, 52), he again indicates he is unable to obtain counsel, he has appealed the dismissal of some of his causes of action,[2] he needs to discover the names of the IPS officers in order to reinstate other claims, he lacks training in the law and research time, and the interests of justice would be best served if he were appointed counsel.  (Doc. 38).

As set forth in prior Orders denying Mr. Stewart's requests for counsel, in a civil rights case such as this, the Court can only request the voluntary assistance of counsel and can only do so under exceptional circumstances.  28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the Court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  *Palmer*, 560 F.3d at 970.

---

[2]Mr. Stewart's appeal was dismissed for lack of jurisdiction on July 27, 2017.  (Doc. 48.)

Mr. Stewart has still not demonstrated the required exceptional circumstances. His remaining claim is not particularly complex and he has been able to effectively articulate his claims pro se as evidenced by his multiple motions pending before the Court. The difficulties Mr. Stewart lists are circumstances common to most prisoners that do not warrant appointment of counsel. The Court will not appoint counsel at this time.

## II.  Motion for Extension (Doc. 39)

Mr. Stewart seeks a 90-day extension of the discovery deadline. He argues he has not been able to confer with counsel for Defendant and believes counsels' actions are a purposeful attempt to run the time for discovery.

The motion will be denied. Defendant has filed a motion for summary judgment and Mr. Stewart will be required to file a response. The remaining issue is a relatively straightforward and the Court does not see any justification to delay this matter further. If Mr. Stewart believes there is discoverable evidence essential to justify his opposition to summary judgment, he must describe such evidence in his response and explain by affidavit or declaration why the evidence is essential. *See* Fed.R.Civ.P. 56(d).

**III. Motions to Compel/ Motion for Protective Order (Docs. 41, 45, 56)**[3]

The Court first notes that Mr. Stewart failed to comply with Local Rule

26.3(c)(2) which provides:

> All motions to compel or limit discovery must:
> (A)   set forth the basis for the motion;
> (B)   certify that the parties complied with subsection (c)(1) or
>       a description of the moving party's attempts to comply;
>       and
> (C)   attach, as an exhibit:
>       (i)    the full text of the discovery sought; and
>       (ii)   the full text of the response.

Whether or not Mr. Stewart properly conferred with counsel prior to filing

his motions, he did not attach as an exhibit the full text of Defendant's response to

his discovery requests in his first motion to compel.  Defendant, however, attached

his discovery responses to the response to the motion to compel.  (Doc. 43-12.)

Despite Mr. Stewart's failure to comply with the Court's Local Rule, in an effort

to not delay this matter further, the Court will go to the merits of Mr. Stewart's

motions.

A party may obtain discovery regarding any non-privileged matter that is

relevant to any party's claim or defense and proportional to the needs of the case,

---

[3]Mr. Stewart filed a motion for extension of time to file a reply brief on his second motion to compel. (Doc. 65.)  Defendant did not object to the extension and Mr. Stewart filed his reply brief on August 31, 2017.  (Doc. 69.)  The motion for extension of time to file reply briefs will be granted and the reply will be deemed timely.

considering the importance of the issues at stake in the action, the amount in

controversy, the parties' relative access to relevant information, the parties'

resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Fed. R.

Civ. P. 26(b)(1).[4]

### A. Second Interrogatory

In his second interrogatory, Mr. Stewart seeks:

> Please list the names, titles, and your relationship to any current
> employee(s) of the Montana Department of Correction (MDOC) and
> it's [sic] subsidiaries (MSP, MWP, Etc.), that currenly [sic] are or
> ever were considered anything other than simply co-workers, to Sam
> Jovanovich. Please list multiple relationship types if applicable and
> include past relationships if applicable and not obvious inference of
> the current, ie. "former girlfriend and current wife" would just be
> "wife".

(Doc. 43-12 at 2, ¶ 2.) Defendant Jovanovich objected on the grounds that the

request was overbroad, burdensome, vague, privacy and confidentiality, and not

calculated to lead to the discovery of admissible evidence. (Doc. 43-12 at 3.)

Mr. Stewart argues he is seeking to expose the "good ol' boy" system

because he believes Mr. Jovanovich has family and close friends in high places

---

[4]This version of Rule 26(b) took effect on December 1, 2015. It reflects that the "proportionality" analysis previously set forth in Rule 26(b)(2)(C) has now been incorporated into the definition of the scope of discovery.

that have protected his misconduct. Defendant counters that this request is "an

improper fishing expedition into Defendant's personal life, wholly removed from

the subject matter at issue." (Doc. 43 at 11.) The Court agrees. The sole issue

remaining in this case is whether Jovanovich fired Mr. Stewart for submitting

grievances. Jovanovich's relationships with other DOC staff is not reasonably

calculated to lead to the discovery of admissible evidence. The motion to compel

will be denied on this issue.

## B. Third Interrogatory

In his third interrogatory, Mr. Stewart made the following request:

> Please describe any promotions you have recently applied for, or any
> promotions you have discussed with anyone, especially your
> superiors, pertaining to any promotions for which you may be
> considered for or receiving in the next 5 years. Please indicate each
> person with which these were discussed, the time/date, the details of
> the correspondence, and the means by which the correspondence took
> place, i.e. telephone, person to person, e-mail, etc.

(Doc. 43-12 at 5.) Defendant provided the following response:

> RESPONSE: To the extent "any promotions you have recently
> applied for," requests Jovanovich to disclose jobs he has applied for
> after April 22, 2015, Warden and Medical Services Manager.
> Jovanovich objects to the remainder of this request as vague,
> overbroad, based on privacy, and because it is not reasonably
> calculated to lead to the discovery of admissible evidence.

(Doc. 43-12 at 5.)

Mr. Stewart is not satisfied with Jovanovich's response because it does not include "discussions of promotions." (Doc. 42 at 3.) He states he needs this information because it "pertains to the 'good ol' boy' system and is yet another reason as to why Sgt. McDonald would lie to protect the Defendant." (Doc. 42 at 3.).

Defendant argues the request for all discussions is vague, overbroad, based on privacy, and not reasonably calculated to lead to the discovery of admissible evidence. The Court agrees. Discussions regarding potential promotions are not reasonably calculated to lead to the discovery of admissible evidence. The motion to compel will be denied on this issue.

## C. Second Request for Production of Documents

In his second request for the production of documents, Mr. Stewart seeks Jovanovich's personnel file and any other documents that contain employee information. He argues that the personnel file contains: "a signed ethics policy . . . ; performance evaluations . . . ; letters relating to the outcome of an investigation . . . ; etc." He argues, "Clearly this information is important to the Plaintiff's case" and that "other information as well such as hire dates, promotion dates, etc. all of which are important to show who Jovanovich is and what he has done and how his career has gone." (Doc. 42 at 4.)

Defendant objected to the request and filed a motion for protective order on the grounds that it is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and implicates privacy and confidentiality concerns. Subject to those objections, Defendant told Mr. Stewart that he could request publicly available employment information by submitting an offender/staff request for to MSP Human Resources.[5]  Defendant argues he has an expectation of privacy in his personnel file.

"Federal common law recognizes a qualified privilege for official information." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990) ("Government personnel files are considered official information.").  "To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages.  If the latter is greater, the privilege bars discovery." *Sanchez*, 936 F.2d at 1033–34.  "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue." *Doubleday v. Ruh*, 149 F.R.D. 601, 609 (E.D. Cal. 1993).  Documents that are a part of the personnel records of

---

[5]Based upon subsequent briefing it appears that on September 7, 2017 Mr. Stewart was provided with a one page document which lists Jovanovich's MSP hire date, four position changes, and his current salary.  (Doc. 71-2.)

officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. *Soto v. City of Concord*, 162 F.R.D. 603, 614–15 (N.D. Cal. 1995) (*citing Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993)); *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992).

The Court has reviewed Jovanovich's personnel file which was submitted in camera. (Doc. 47.) While some documents in the personnel file may be discoverable, the Court finds that they are not relevant to the analysis of Defendant's motion for summary judgment. Therefore, at this time, the potential benefits of disclosure of Jovanovich's personnel file does not outweigh the potential disadvantages. As such, the motion to compel will be denied without prejudice and the motion for protective order granted as to Jovanovich's personnel file. Should the Motion for Summary Judgment be denied, Mr. Stewart may renew his motion.

## D.  Third Request for Production of Documents

In his third request for production of documents, Mr. Stewart asks for "any and all documents from any criminal, misconduct, or other investigation in which Sam Jovanovich was involved." (Doc. 42-1 at 5.) He clarified this request stating that he was requesting "any materials from any type of investigation, PREA, Misconduct, criminal, Informal or grievance based, human rights, or otherwise in

which Sam Jovanovich was accused of wrongdoing." (Doc. 42-1 at 12.)

Defendant objected on the grounds that the request was overbroad, burdensome, irrelevant, and privileged due to privacy and confidentiality concerns but then responded "to the extent you seek circumstances where Jovanovich was 'accused of similar' conduct, and understanding 'similar' conduct to mean alleged wrongdoing with regard to the termination of an inmate's employment, no such documents are known to exist."

The Court finds that Defendant sufficiently responded to Mr. Stewart's third request for the production of documents and his motion will be denied as to this request.

### E. Fourth Interrogatory

Mr. Stewart's Interrogatory No. 4 stated:

Please detail the responsibility of an employee of MSP/DOC that has investigated an allegation of staff misconduct reported by an inmate. Please list any forms that must be filled out, what a typical investigation includes (talking with witnesses, talking with the accuser, checking documents etc.), or any other documents, responsibilities, or requirements. Also include any information as to how and where documents are stored and field and with whom they are shared. Any other information pertaining to investigations. If there are document which detail the procedure, Plaintiff would accept the documents in lieu of an answer however Plaintiff expects more than policy 1.3.13 which tells very little of the actual procedure involved.

(Doc. 57-3 at 2-3.)

Defendant Jovanovich responded as follows:

Jovanovich objects to this request as overbroad, burdensome, vague, and unlikely to lead to the discovery of admissible evidence. There are numerous policies that address investigations of alleged staff misconduct that have no relation to this case. For example, the Prison Rape Elimination Act policy would fall under this request, despite that policy having no relevance to Plaintiffs claims. Jovanovich also objects to the term "allegation of staff misconduct" as vague. This could mean a variety of allegations and a variety of misconduct, much of which is irrelevant to Plaintiffs complaint. Plaintiffs request is not refined to a time period and thus is overbroad for that reason as well. Plaintiffs request is overly burdensome because he is asking Jovanovich to chart out every potential investigation that possibly could arise from an inmate's report without limiting the scope or time period.

To the extent Jovanovich understands Plaintiffs request to mean investigations under the grievance procedure, Plaintiff has been given the grievance procedure, MSP Procedure No. 3.3.3.

(Doc. 57-3 at 3-4.)

The Court finds Defendant's response to be sufficient given the overbroad and vague nature of Mr. Stewart's request. Additionally, as pointed out by Defendant, Mr. Stewart has access to MSP Procedures and DOC policies which set forth the responsibilities of employees investigating staff misconduct. Further, Defendant provided a full response to Mr. Stewart's first request for production of documents which sought any policy or procedure that discusses misconduct or

11

criminal investigations of staff.  (Doc. 43-13 at 1-3.)  The motion will be denied as

to this request.

### F.  Fifth Interrogatory

Mr. Stewart also seeks to compel an additional response to Interrogatory

No. 5 which states:

> Please state the date, details of the conversation, and your reasoning
> for hiring Jeffery Lout back to the unit laundry and giving him a raise
> after firing him and Plaintiff for alleged misconduct.

Defendant Jovanovich responded as follows:

> Jovanovich objects to this interrogatory to the extent Plaintiff is
> requesting information that is protected by privacy, safety, security,
> and confidentiality concerns. Without waiving this objection, and to
> the extent Jovanovich can answer this interrogatory without
> implicating these privacy, safety, security, and confidentiality
> concerns, Jovanovich answers as follows. Lout repeatedly came to
> Jovanovich to ask how he could improve as a worker and what he
> could do to get a job. These discussions occurred frequently over a
> period of time. Based on Lout's clear desire to improve as a worker
> and apparent recognition of why he was fired, Jovanovich decided to
> hire him when a position in the laundry came open. MSP does not
> give inmates raises. Rather, the amount each worker gets paid is
> predetermined based on the legislative budget. Positions, rather than
> people, are assigned a per-day amount. The position Lout received
> was assigned a higher payment than the position he previously held.

(Doc. 57-3 at 4.)

The Court finds this response to be sufficient.

**IV. Motion to Strike Affidavit Testimony (Doc. 54)**[6]

Mr. Stewart contends Defendant presented affidavits in response to Mr.

Stewart's motion to compel which contain lies and/or misrepresentations.  He asks

that the testimony in the affidavits of Reich, Fletcher, and Davenport be dismissed

or viewed as suspect.  (Doc. 54.)

Mr. Stewart's disagreement with the statements contained Defendant's

affidavits does not provide a basis for striking the affidavits.  *Marton v. Litton*

*Loan Servicing LP*, 2016 WL 4943832, *10 n.6 (E.D. Cal. Sept. 15, 2016); *Rewind*

*v. Western Union, LLC*, 2016 WL 1732871, *19 (D. Oregon May 2, 2016).  His

arguments go to the weight the Court should afford this evidence but it is not a

basis to strike the affidavits.  The motion to strike affidavit testimony will be

denied.

**V.  Motion to Strike Reply (Doc. 72)**

Defendant moves to strike the allegations and evidence presented in Mr.

Stewart's reply brief for the motion to strike affidavit testimony.  Alternatively, he

requests to file a sur-reply.  The motion to file a sur-reply is granted and the

---

[6]Mr. Stewart filed a motion for extension of time to file reply brief on his motion to strike. Defendant did not object and Mr. Stewart filed his reply brief on August 31, 2017. (Doc. 70.)  The motion for extension of time to file reply briefs will be granted and Mr. Stewart's reply will be deemed timely.

motion to strike is denied.

## VI.  Motion for Sanctions (Doc. 67)

Mr. Stewart seeks sanctions against Defendant's attorneys for allegedly lying to the Court about the availability of discovery and general non-compliance with their duties of due diligence and acting in good faith.  Specifically, Mr. Stewart argues that instead of producing the public information in Jovanovich's personnel file as they represented they would do, Unit Manager Fode allow Mr. Stewart to see what was allegedly the public information on August 8, 2017 but did not allow him to copy it.  Mr. Stewart seeks an order requiring Defendant to provide Mr. Stewart with a copy of Jovanovich's public information and for the Court to sanction counsel.  (Doc. 68.)  Defendant represents that Mr. Stewart was provided a copy of the information on September 7, 2015.  (Doc. 71 at 3.)

Under Federal Rule of Civil Procedure 37, a party propounding discovery may seek an order compelling a discovery response when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a).  Generally, Rule 37 requires violation of a discovery order for entry of discovery sanctions.  Fed. R. Civ. P. 37(b)(2)(A) (permitting sanctions when a party "fails to obey an order to provide or permit discovery").  Sanctions are also available if "a party, after being properly served with interrogatories under Rule

14

33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii).

Here there was no violation of a discovery order and Defendant did not fail to serve answers to Mr. Stewart's discovery. The Court does not find sufficient evidence to suggest bad faith. The request for sanctions will be denied.

Mr. Stewart's motion also seeks to compel the public information from Defendant's personnel file. As stated, Mr. Stewart was provided a copy of the information on September 7, 2015. (Doc. 71 at 3.) Therefore, to the extent the motion is construed as a motion to compel, it is moot.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Stewart's Third Motion for Appointment of Counsel (Doc. 37) is DENIED.

2. Mr. Stewart's Motion to Extend Discovery Deadlines (Doc. 39) is DENIED.

3. Mr. Stewart's Motion to Compel Discovery for First Set of Interrogatories and Document Requests (Doc. 41) is DENIED.

4. Mr. Stewart's Fourth Motion to Appointment of Counsel (Doc. 52) is DENIED.

5.  Mr. Stewart's Motion to Strike the Testimony in the Affidavit(s) (Doc. 54) is DENIED.

6.  Mr. Stewart's Second Motion to Compel Discovery (Second Set of Interrogatories (Doc. 56) is DENIED.

7.  Mr. Stewart's Motion for Extension to File Reply Briefs (Doc. 65) is GRANTED.

8.  Mr. Stewart's Motion for Sanctions against Defendant's Attorneys (Doc. 67) is DENIED.

9.  Defendant's Motion for Protective Order (Doc. 45) is GRANTED.

10.  Defendant's Motion to Strike Reply (Doc. 72) is DENIED but the alternative Motion to File a Sur-Reply (Doc. 72) is GRANTED.  The Clerk of Court shall file Defendant's Sur-Reply (Doc. 73-1).

11.  Mr. Stewart must file a response to Defendant's Motion for Summary Judgment on or before October 27, 2017.

DATED this 25th day of September, 2017.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge