IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>SAM JOVANOVICH,<br><br>Defendant. | CV 15-00084-H-DLC-JTJ<br><br><br>FINDINGS AND RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE JUDGE |

Plaintiff Laurence Stewart filed a Motion for Protective Order or Injunctive Relief seeking to protect his legal paperwork from being read, confiscated, or otherwise stolen by prison officials. (Doc. 91.) According to a Montana State Prison Incident Report attached to Mr. Stewart's motion, on March 10, 2018 IPS Officer Cales found some of Inmate Lout's legal work in Mr. Stewart's legal work. The legal work was confiscated. There is however, a note on the report directing that the paperwork be returned to Mr. Stewart because it was allowed. (Doc. 91-1 at 2.)

Mr. Stewart seeks an order requiring the prison to stop reading and confiscating his legal papers, to stop harassing and/or retaliating against him, and to pay for the replacement of any lost evidence. (Doc. 91 at 1-2.) As a general rule, courts are unable to issue orders against individuals who are not parties to a

1

suit pending before it. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Here, the only remaining Defendant in this action is Sam Jovanovich. There is no allegation in Mr. Stewart's motion that Mr. Jovanovich was in any way involved in the seemingly mistaken confiscation of Mr. Stewart's paperwork.

More importantly, Mr. Stewart does not meet the standard for preliminary injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc.* v. *A.. BMH & Co., Inc.,* 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that

2

he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted).

*Winter* does not expressly prohibit use of a "sliding scale approach to preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell,* 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations, internal quotation marks omitted).

A preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Mr. Stewart is seeking a protective order regarding incidents and individuals not related to the incident at issue in this case when Mr. Stewart was

fired from his laundry position on April 22, 2015. Moreover, Mr. Stewart is seeking an order which could potentially interfere with prison security. The Court should not interfere with the day-to-day operations of the prison especially security searches. *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should "avoid enmeshing themselves in the minutiae of prison operations"). Mr. Stewart has not set forth sufficient facts to suggest that he will suffer irreparable harm. The motion for protective order or injunctive relief should be denied.

Accordingly, the Court issues the following:

## RECOMMENDATION

Mr. Stewart's motion for protective order or injunctive relief (Doc. 91) should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Stewart may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Stewart is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 11th day of July, 2018.

                                           */s/ John Johnston*
                                           John Johnston
                                           United States Magistrate Judge