IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>SAM JOVANOVICH,<br><br>Defendant. | CV 15-00084-H-DLC<br><br><br><br>ORDER |

Pending before the Court is Plaintiff Laurence Stewart's Motion in Limine (Doc. 119), Motion for Clarification (Doc. 121), Motion to Serve Subpoenas without Full Names and Submit Witness Fees After Service/Full Names is Discovered (Doc. 122), Subpoena Requests (Doc. 123), Motion to Direct Responsibility for Plaintiff's Attire at Trial (Doc. 126), and Supplemental Subpoena Request (Doc. 127).

**A. Motion in Limine (Doc. 119)**

Mr. Stewart seeks to exclude from trial the following evidence: (1) Mr. Stewart's criminal convictions in both Montana and Virginia (Doc. 120 at 1); (2) "[A]ny charges or accusations of crimes, that did or do exist" (Doc. 120 at 2); (3) Mr. Stewart's institutional discipline record, "with the exception of anything pertaining to STG activity or passing contraband" (Doc. 120 at 2); (4) Mr.

1

Stewart's witnesses' criminal convictions (Doc. 120 at 3); (5) Mr. Stewart's witnesses' institutional discipline records, except for where Defendant Jovanovich or Montana State Prison (MSP) Staff Sergeant Ronald McDonald "were involved in the write up[,] the write up was STG related [,or] the write up, according to the witness, was retalitory [sic] in nature or greatly exagerated [sic]" (Doc. 120 at 3); and (6) Accusations of misconduct regarding former MSP Warden Michael Fletcher and evidence related to his departure from MSP (Doc. 120 at 3).

Defendant Jovanovich does not object to Mr. Stewart's motion to exclude any evidence of his criminal history and the criminal history of his witnesses at trial. The motion will therefore be granted as to the criminal history of Mr. Stewart and his witnesses.

The Court will reserve ruling on the other issues raised in Mr. Stewart's motion until such time as the parties seek to introduce any such evidence at trial.

**B. Motions Regarding Trial Subpoenas (Docs. 121-123, 127)**

Mr. Stewart has four pending filings regarding subpoenas. First, he filed a motion for clarification (Doc. 121). As the Court has dealt with all pending issues in this Order, the motion will be denied as moot.

Next, Mr. Stewart filed a motion to serve subpoenas without full names and to submit his witness fees after service and full names are discovered. (Doc. 122.)

Mr. Stewart indicates he has incomplete information regarding several of his listed witnesses. 28 U.S.C. § 1915 provides that, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). Mr. Stewart is responsible, however, to provide "the necessary information to help effectuate service." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). As set forth below, to the extent the location of these witnesses can be determined, the Court will issue a subpoena for these witnesses.

### 1. Non-Prisoner Subpoenas

Mr. Stewart's seeks subpoenas for the following non-prisoner witnesses: Sam Jovanovich, Ronald McDonald, Cheryl Bolton, Myron Beeson, Michael Fletcher, and Chris Connell. Defendant Jovanovich has listed Sam Jovanovich, Ronald McDonald, and Chris Connell on his will-call witness list. Defendant will be required to present these witnesses at trial and the Court will not issue subpoenas for these individuals.

Cheryl Bolton is a current employee of the Montana Department of Corrections who is listed on Defendant's may call witness list. The request for a subpoena for Ms. Bolton will be granted but before the Court will issue that subpoena, Mr. Stewart must provide the appropriate witness fee for Ms. Bolton which includes $40.00 plus mileage for the distance between her home or work

3

address and the courthouse at a rate of $0.58 per mile. *See* 28 U.S.C. § 1821(b), (c)(2), (f); *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989). The Clerk of Court will be directed to provide Mr. Stewart with a blank subpoena form. The Court will direct service of the subpoena on Ms. Bolton once it receives the completed subpoena form with a witness fee in the amount of $103.80 ($40.00 witness fee plus mileage ($0.58 x 110 miles). The United States Marshals require significant lead time for service of subpoenas, especially in civil matters. As such, if the Court does not receive the $103.80 mileage and witness fee for Ms. Bolton on or before Friday, March 15, 2019, it will not request the United States Marshals to serve that subpoena. Even then, the Court cannot guarantee the United States Marshals can accomplish service at that late date. The Court will, however, also require counsel for Defendant to advise whether they will accept service by mail of the subpoena (with the appropriate witness fees) for Ms. Bolton.

Myron Beeson and Michael Fletcher are former employees of the Montana Department of Corrections and Mr. Stewart has not provided addresses where these individuals might be served. Pursuant to Federal Rules of Civil Procedure 45(c)(1)(A), a subpoena may command a person to attend a trial within 100 miles of where the person resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(c)(1)(A). If the Montana Department of Corrections has a

current work or home address for Mr. Beeson or Mr. Fletcher which is within 100 miles of Helena, Montana, the Court will require that information be provided to the Court under seal.

### 2. Prisoner Inmates

Mr. Stewart filed subpoena requests for and listed the following current or former inmates on his witness lists: Jeffery Lout, Isaac Chapa, Freddie Lawrence, Walter Cassell, Robert Kennedy, James Wages, Tyler Snider, Wayne Woods, Josh Dunlap, Andrew Golie, and Dewayne Bearchild. (Doc. 128.) Mr. Stewart indicates that the following are current inmates at Montana State Prison: Lout, Cassell, Snider, Woods, Golie, and Bearchild. In addition, the location of James Wages is available on the Montana Department of Corrections website. The Court will direct the United States Marshals to serve these individuals with subpoenas.

Mr. Stewart also listed the following current or former inmates for which he does not have an address: Lawrence, Kennedy, Dunlap, and Brandenburg. The Court cannot serve subpoenas on individuals for which Mr. Stewart has not provided sufficient information. Mr. Stewart did not provide locations on these individuals. The motion for subpoenas for these individuals will therefore be denied, unless and until Mr. Stewart provides additional information on the location of these individuals.

### C. Motion for Trial Attire

Mr. Stewart has also filed a Motion to Direct Responsibility for Plaintiff's Attire at Trial (Doc. 126) asking that Defendant be required to provide street clothes for Mr. Stewart to wear at trial. Defendant has not yet responded to this motion but it has been the Court's experience that Montana State Prison provides trial attire for inmate plaintiffs. As such, the motion will be granted and Defendant will be required to assure that Mr. Stewart has street clothes to wear at trial.

Based upon the foregoing, the Court issues the following:

### ORDER

1. Mr. Stewart's Motion in Limine (Doc. 119) is GRANTED as to the criminal history of Mr. Stewart and his witnesses. The Court will reserve ruling on the other issues raised in Mr. Stewart's motion until such time as the parties seek to introduce any such evidence at trial.

2. Mr. Stewart's Motion for Clarification (Doc. 121) is DENIED as MOOT.

3. Mr. Stewart's Motion to Serve Subpoenas without Full Names and Submit Witness Fees After Service/Full Names is Discovered (Doc. 122) is DENIED. The Court will not direct the United States Marshals to serve any subpoena without an actual address and witness fee unless otherwise indicated in

this Order.

4. Mr. Stewart's Subpoena Requests (Doc. 123) are GRANTED IN PART AND DENIED IN PART and Mr. Stewart's Supplemental Subpoena Request (Doc. 127) is GRANTED.

The Clerk of Court is directed to prepare and issue subpoenas for the following inmates at Montana State Prison to appear for trial by video on April 15, 2019 at 2:00 p.m.: Jeffrey Lout, Walter Cassell, Tyler Snider, Wayne Woods, Andrew Golie, and Dewayne Bearchild.

The Clerk of Court is directed to prepare and issue a subpoena for James Wages at Crossroads Correctional Center to appear for trial by video on April 15, 2019 at 3:00 p.m.

The Clerk of Court is directed to forward these subpoenas to the United States Marshals. The United States Marshals Service or its designated agent shall personally serve these subpoenas. Service by certified mail is not sufficient. Service shall be made on or before March 29, 2019.

Mr. Stewart must provide a money order or institutional check in the amount of $103.80 made out to Cheryl Bolton on or before Friday, March 15, 2019. If the Court does not receive this witness fee on or before Friday, March 15, 2019, it will not request the U.S. Marshals to serve the subpoena on Ms. Bolton.

Mr. Stewart's Subpoena Requests (Doc. 123) are DENIED as to the following individuals: Freddie Lawrence, Robert Kennedy, Josh Dunlap, and Inmate Brandenburg.

5. On or before March 8, 2019, counsel for Defendant must advise the Court whether they will accept service by mail of the subpoena (with the appropriate witness fees) for Ms. Bolton.

6. On or before March 8, 2019, counsel for Defendant shall notify the Court if the Montana Department of Corrections has a current work or home address for Mr. Beeson or Mr. Fletcher which is within 100 miles of Helena, Montana. If counsel has access to those addresses, they shall be filed under seal.

7. Mr. Stewart's Motion to Direct Responsibility for Plaintiff's Attire at Trial (Doc. 126) is GRANTED.

DATED this 22nd day of February, 2019.

Dana L. Christensen, Chief District Judge
United States District Court