IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LAURENCE STEWART,<br><br>Plaintiff,<br><br>vs.<br><br>SAM JOVANOVICH,<br><br>Defendant. | CV 15-00084-H-DLC<br><br>ORDER |

This matter was tried before a jury on April 15, 2019 and the jury reached a verdict in favor of Defendant on April 17, 2019. (Doc. 176.) On May 15, 2019, Plaintiff Laurence Stewart filed a Motion for a Judgment as a Matter of Law or a New Trial. (Doc. 181.) The Court construes the filing as a motion brought under Rules 50 and 59 of the Federal Rules of Civil Procedure.

**A. Rule 50–Motion for Judgment as a Matter of Law**

Federal Rule of Civil Procedure 50 governs a request for a judgment as a matter of law. Under Rule 50(a), a party must first move for judgment as a matter of law before the case is submitted to the jury and "specify the judgment sought and the law and facts that entitle the movant to the judgment." Fed. R. Civ. P. 50(a)(2). Under Rule 50(b), if the court denies the pre-verdict motion, "the

movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). The failure to make a Rule 50(a) motion before the case is submitted to the jury forecloses the possibility of the Court later considering a Rule 50(b) motion. *Tortu v. Las Vegas Metropolitan Police Dep't.*, 556 F.3d 1075, 1083 (9th Cir. 2009).

Mr. Stewart did not move for judgment as a matter of law before this case was submitted to the jury. As such, Mr. Stewart's motion for judgment as a matter of law must be denied.

### B. Rule 59–Motion for New Trial

Mr. Stewart's motion for new trial is considered pursuant to Rule 59 of the Federal Rules of Civil Procedure. Under Rule 59, a district court has the discretion to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are

excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007)(*quoting Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). The Ninth Circuit has held that "[t]he trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski*, 481 F.3d at 729 (citation omitted). The Court has the duty,

> to weigh the evidence as he saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in his conscientious opinion, the verdict is contrary to the clear weight of the evidence, or . . . to prevent, in the sound discretion of the trial judge, a miscarriage of justice.

*Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957), *cert. denied*, 356 U.S. 968 (1958). "[E]rroneous jury instructions, as well as the failure to give adequate instructions, are also bases for a new trial." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)(citations omitted). The authority to grant a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

Mr. Stewart requests that, "any and all objections that pertain to this case, both pre-trial and trial, not sustained, with emphasis on those pertaining to

dismissal of supervisory Defendants, dismissal of other counts that complete the story, and jury instructions and the verdict form." (Doc. 181 at 1.) He provides not facts or legal arguments in support of his motion.

The Court does not find that the jury's verdict was contrary to the clear weight of the evidence and there is no indication that the verdict was based upon false evidence or that the jury instructions were erroneous. The Court sees no basis to overturn the jury's verdict.

Based upon the foregoing, the Court issues the following:

## ORDER

Mr. Stewart's Motion for a Judgment as a Matter of Law or a New Trial (Doc. 181) is DENIED.

DATED this 30th day of May, 2019.

Dana L. Christensen, Chief Judge
United States District Court