

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LAURENCE STEWART, | CV 15-00084-H-DLC |
| Plaintiff, | |
| vs. | ORDER |
| SAM JOVANOVICH, | |
| Defendant. | |

Pending before the Court is Defendant Sam Jovanovich's Application for Taxation of Costs (Doc. 180) and Plaintiff Laurence Stewart's Motion for Transcripts (Doc. 185). On April 15, 2019, this action proceeded to a jury trial on Mr. Stewart's claim that Officer Jovanovich retaliated against him in violation of the First Amendment. On April 17, 2019, the jury returned a verdict in favor of Officer Jovanovich and judgment was entered in favor of Officer Jovanovich and against Mr. Stewart on April 23, 2019. On April 29, 2019, Officer Jovanovich filed a bill of costs. Mr. Stewart did not respond to the application for bill of costs

but on May 31, 2019 he filed a Motion for Transcripts at Government Expense (Doc. 185).

## I. BILL OF COSTS

### A. Standard

Rule 54 of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 creates "a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 n. 12 (9th Cir. 2003). In deciding whether to exercise discretion to refuse to award costs, the district court should consider appropriate reasons to deny costs such as "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016) (*quoting Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014)). This list is not exhaustive, but is a starting point for the analysis. *Draper*, 836 F.3d at 1087.

### B. Analysis

The jury found for Officer Jovanovich, he is therefore the prevailing party

and the presumption to award costs has arisen. He seeks costs for copying fees which are taxable costs under 28 U.S.C. § 1920. Defendant asserts the copies were necessarily obtained for use in this case. The Court does not necessarily agree that all of the costs requested were necessarily obtained for use in the case as opposed to for the convenience of the Defendant.[1] Regardless, the Court finds that it would be an abuse of discretion to award costs in this matter and therefore denies the application for bill of costs.

This case is quite similar to *Draper* where the Ninth Circuit held that cases bringing claims for violations of the Eighth Amendment have "substantial public importance" because they are important to safeguard the rights and safety of prisoners. *Draper*, 836 F.3d at 1088. Similarly, the Court finds that Mr. Stewart's First Amendment retaliation claim was of "substantial public importance." This is a recurring issue raised by prisoners at Montana State Prison and it is important to safeguard the rights of prisoners.

In addition, the Court finds that this was somewhat of a close case. Mr. Stewart successfully defended Defendant's Motion for Summary Judgment and he

---

[1] Specifically, the Court finds that the documents copied for "trial binders" as indicated in Doc. 180-3 at ¶ 20 (650 pages); Doc. 180-4 at ¶ 12 (584 pages); and Doc. 180-4 at ¶ 16 (497 pages) for a total of 1731 pages appeared to be retained by counsel for counsel's use and the Court cannot determine whether these copies are taxable.

presented a coherent and plausible case. The case turned on competing accounts of whether Mr. Jovanovich was responsible for firing Mr. Stewart and whether that firing was done in retaliation for Mr. Stewart filing grievances. The jury deliberated for several hours after hearing a day and a half of testimony. Like *Draper*, this was a close case.

The award of the full amount of costs sought in this action would also have the potential to chill inmates in similar lawsuits challenging constitutional violations from filing actions. *Draper*, 836 F.3d at 1088. It seems clear, given the small amount of costs sought in light of the obvious effort necessary to prepare the bill of costs[2] and Mr. Stewart's clear inability to pay, that costs are being sought merely to chill inmates in similar lawsuits from challenging constitutional violations. The Court will not be a party to this.

While Mr. Stewart has not submitted any argument regarding his income or ability to pay costs in this action, the Court notes that he is incarcerated and serving seven life sentences. His initial application to proceed without prepayment of fees indicates that he has limited income. There is nothing to indicate that this situation has changed. As in *Draper*, there is no comparison

---

[2]The bill of costs consisted of nearly 20 pages, included the affidavits of four different state employees, and sought only $430.95 in costs. (Doc. 180.)

between Mr. Stewart's limited resources and those of the state of Montana.

The Court finds that it would be an abuse of discretion to award costs.

## II. TRANSCRIPTS

Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis.

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c). Here, the Ninth Circuit has not informed this Court that the printing of the record on appeal is required in this action.

Second, 28 U.S.C. § 753(f) allows the court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or

appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f); *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984). "A substantial question exists where the issue before the court of appeals is reasonably debatable." *Tuggles v. City of Antioch*, 2010 WL 3955784 (N.D. Cal. Oct.8, 2010) (internal citations and quotations omitted); *Washburn v. Fagan*, 2007 WL 2043854, *2 (N.D. Cal., July 12, 2007) (citations and internal quotations omitted). If there is any doubt as to the merits, the issue of providing a transcript at government expense should be resolved in favor of the appellant. *Washburn*, 2007 WL 2043854 at *2.

Given the issues raised at trial and the factual disputes at issue, the Court cannot say that an appeal would not be taken in good faith and it appears the transcript would be needed to decide any issue raised on appeal.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. The Application for Bill of Costs (Doc. 180) is DENIED.

2. Mr. Stewart's Motion for Transcripts (Doc. 185) is GRANTED. The Clerk of Court's Office is directed to procure and pay for Mr. Stewart's copy of the trial transcript from April 15, 2019 through April 17, 2019. Mr. Stewart, however, has not raised an issue regarding jury selection, therefore, the transcript

of voir dire is not necessary to the appeal and need not be produced.

DATED this 13th day of June, 2019.

_____
Dana L. Christensen, Chief Judge
United States District Court